UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                Case No. 16-cr-20063

v.                                         Honorable Nancy G. Edmunds

ANTHONY BERNARD RICHMOND,

    Defendant.

_____/

**ORDER DENYING REQUEST FOR RECOMMENDATION FROM THE COURT [12] AND DENYING MOTION FOR EARLY RELEASE [13]**

On May 9, 2016, Defendant Anthony Bernard Richmond pleaded guilty to one count of possession with intent to distribute more than 100 grams of heroin. He was sentenced to 60 months imprisonment and began serving his sentence at FCI Morgantown on May 31, 2017. On October 15, 2019, Defendant filed a *pro se* motion requesting a recommendation from the Court that the Bureau of Prisons consider "alternative forms of incarceration," such as home confinement. (ECF No. 12.) On May 6, 2020, Defendant was released to home confinement where he remains presently. His projected release date is September 1, 2021.

After being released to home confinement, Defendant sent a letter to the Court asking the Court to end his sentence early. (ECF No. 13.) In the letter, Defendant indicated that his medical needs were not being met in a timely matter[1] and that he was "looking forward to getting back to work." He attached an email from a potential employer that offered him a job.

---

[1] Defendant is diabetic and concerned about sores on his foot that he alleges are caused by the tether he wears.

1

On March 11, 2021, the Government responded to Defendant's motions and informed the Court that Defendant had indeed begun working and remains on home confinement. (ECF No. 16.) The Government asks the Court to deny Defendant's motions as moot, or alternatively, for failing to exhaust the administrative remedies available.

## I.     Defendant's Motion For Release From Home Confinement

By statute, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). But that rule comes with a few exceptions, one of which permits compassionate release. Under this authority, a motion for reduction in sentence for "extraordinary and compelling reasons" can be filed with the court if the Defendant has exhausted his administrative remedies. *See United States v. Alam*, 960 F.3d 831, 833-35 (6th Cir. 2020)). This exhaustion requirement is not jurisdictional, but is a mandatory condition which must be enforced if the government timely objects to the failure to exhaust. *Id.* Defendant has not alleged that he submitted a request for early release to the Bureau of Prisons, nor has he produced any documentary evidence to prove that he has exhausted his administrative remedies. Moreover, even if he had submitted this evidence, Defendant has not shown extraordinary and compelling reasons why he should be released from home confinement. In his letter, Defendant asks to be released so that he may begin working, but review of the record shows that Defendant is currently employed.

Based on the foregoing, Defendant's motion for release from home confinement is denied.

## II. Defendant's Request For A Recommendation From The Court

Because Defendant was released to home confinement where he presently remains, his request for a recommendation from the Court that the Bureau of Prisons consider alternate forms of incarceration is denied as moot.

## III. Conclusion

For the foregoing reasons, Defendant's motions are DENIED.

SO ORDERED.

s/ Nancy G. Edmunds
Nancy G. Edmunds
United States District Court Judge

Dated: March 31, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2021, by electronic and/or ordinary mail.

s/ Lisa Bartlett
Case Manager