UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                           Case No. 16-cr-20063

v.                                              Honorable Nancy G. Edmunds

ANTHONY BERNARD RICHMOND,

        Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR
EARLY TERMINATION OF SUPERVISED RELEASE [18]**

On January 29, 2016, Defendant Anthony Bernard Richmond was charged by Information with possession with intent to distribute more than 100 grams of heroin, in violation of 21 U.S.C. § 841(a)(1). (ECF No. 1.) Defendant pled guilty the following May and this Court sentenced him to 60 months imprisonment to be followed by 48 months of supervised release. (ECF Nos. 4, 10.) On May 6, 2020, after the onset of the COVID-19 pandemic, Defendant was released to home confinement by the Bureau of Prisons. (*See* ECF No. 17.) He was released from home confinement and began serving his term of supervised release on September 1, 2021. (ECF No. 18.)

Defendant's term of supervised release is due to expire on September 1, 2026. He brings the present motion requesting early termination of this term. *Id.* As the basis for his motion, Defendant states that he has committed no violations since the onset of his term of supervised release and that he has completed and abided by all the conditions of supervision. *Id.* In addition, he provides that he has steady employment and has proven himself to be a productive and law-abiding citizen. *Id.*

"Supervised release is part of a sentence." *United States v. Krul*, 774 F.3d 371, 374 (6th Cir. 2014). The Court may terminate supervised release early, however, as long as one year of supervised release has expired and the Court is satisfied that early termination is warranted by a defendant's conduct and the interests of justice. 18 U.S.C. § 3583(e)(1). Additional factors the Court considers are the sentencing factors found at 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). *See* § 3583(e). In most cases, early termination of supervised release is "proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant" a change of sentence. *United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020) (internal quotation marks and citation omitted).

Here, Defendant has served slightly more than one year of his 60-month term of supervised release. Defendant indicates he has successfully adjusted and no longer wishes to remain under supervision, but he presents no new or unforeseen circumstances that would warrant early termination of the full term imposed by this Court. The Court commends Defendant on his compliance with the conditions of supervised release, but such compliance is expected and does not constitute a "new or unforeseen circumstance." *See id.* Moreover, based upon the Court's review of the record and sentencing materials, the Court is satisfied that Defendant's original sentence was "sufficient, but not greater than necessary," thus negating any need to change the original term of supervised release imposed. *See id*. (quoting 18 U.S.C. § 3553(a))*.*

Accordingly, Defendant's motion is **DENIED**.

**SO ORDERED**.

Dated: October 21, 2022

    s/ Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 21, 2022, by electronic and/or ordinary mail.

s/Lisa Bartlett<br>Case Manager